Patrick S. Aguirre (SBN: 189103)
attorney@paguirrelaw.com
1107 R Street
Fresno, CA 93721
Telephone: (562) 904-4337
Facsimile: (562) 683-2180

Attorney for Defendant,
SUSANNA GARCIA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUSANNA GARCIA,<br><br>Defendant. | Case No. 25-CR-00132-JLT-13<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: September 21, 2026<br>Time: 9:00 a.m. |

Defendant SUSANNA GARCIA, by and through her attorney of record, Patrick S. Aguirre, hereby submits her sentencing memorandum.

Dated: 9/11/2026

By: ***/s/ Patrick S. Aguirre***
PATRICK S. AGUIRRE
Attorney for Defendant,
SUSANNA GARCIA

# I.

# INTRODUCTION

On April 13, 2026, Susanna Garcia entered a guilty plea to a violation of 21 U.S.C. §§ 846 and 841(a)(1). The Probation Officer has recommended a sentence of 30 months to be followed by two years of supervised release. Ms. Garcia respectfully requests a sentence of 24 months with two years of supervised release.

# II.

# FACTUAL BACKGROUND

In February 2024, the Multi-Agency Gang Enforcement Consortium began an investigation into suspected drug trafficking in the Fresno County Jail ("FCJ") by members of the Bulldog gang. Presentence Report ("PSR") ¶ 5. Ignacio Sanchez, considered by investigators to be the organizer, was housed in the FCJ and was recorded on a call with Ms. Garcia. *Id.* ¶ 11. Ms. Garcia was later observed in a vehicle that arrived at FCJ. *Id.* ¶ 12. She was then recorded calling Sanchez and telling him that she could not locate the string from his housing unit that would be used to convey the drugs. *Id.* She was detained by deputies, who recovered a glass pipe, as well as a 19-foot device that contained vape pens, a black substance, a green substance, and a white crystalline substance. *Id.* Testing determined the items to contain 46.178 grams of methamphetamine, 2.088 grams of marijuana, 54.682 grams of THC, and 1.151 grams of heroin. *Id.* ¶ 14.

# III.

# CONSIDERATION OF THE 18 U.S.C. § 3553(a) FACTORS

In determining the appropriate sentence for Ms. Garcia, the Court must consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), including, but not limited to: (1) the history and characteristics of the offender; (2) the nature and the circumstances of the offense; (3) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence; (4) the applicable sentencing range under the advisory sentencing guidelines; and (5) the need to

avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220 (2005).

To achieve the Guidelines' "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," *Kimbrough v. United States,* 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)), the district court must "find[] a sentence that accurately reflects both the seriousness of the underlying federal offense and the extent and nature of the defendant's criminal past." *United States v. Asberry*, 394 F.3d 712, 719 (9th Cir. 2005). "Sentencing is an art, not to be performed as a mechanical process but as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *United States v. Harris*, 679 F.3d 1179, 1183 (9th Cir. 2012).

**A. Ms. Garcia's History and Characteristics**

Ms. Garcia's history and characteristics are strong factors in mitigation. *Penry v. Lynaugh,* 492 U.S. 302, 319 (1989) ("defendants who commit criminal acts that are attributable to a disadvantaged background…may be less culpable than defendants who have no such excuse"); *Landrigan v. Schriro,* 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse."). Additionally, a defendant's positive characteristics, "such as his having … no interpersonal instability, no sociopathic or criminalistic attitude, his motivation and intelligence, and the support of [family]," "undoubtedly constitute 'history and characteristic of the defendant'" that can justify a variance below the guidelines. *United States v. Autery,* 555 F.3d 864, 874 (9th Cir. 2009) (upholding district court's sua sponte variance to probation where Guidelines range was 41 to 51 months).

Ms. Garcia was raised by an aunt in Mexico. PSR ¶ 52. She came to the United States at age 13. *Id.* She had her first child at age 15. *Id.* ¶ 53. She now has four children, two of whom are minors and have been adopted by her sister. *Id.* ¶ 54-55.

Ms. Garcia has a good relationship with her siblings but recognizes that her drug use had negatively impacted their relationships, as well as her relationship with her mother, who currently resides in Mexico. PSR ¶ 51; *see Autery,* 555 F.3d at 874 (that a defendant has the support of his family is a characteristic that can support a downward variance because such characteristics "increase[] the likelihood that the [defendant] can again become a productive, non-threatening member of free society, thus making more severe punishment less appropriate"); *see also* Shirley R. Klein *et al., Inmate Family Functioning*, 46 Int'l J. Offender Therapy & Comp. Criminology 95, 99-100 (2002) ("The relationship between family ties and lower recidivism has been consistent across study populations, different periods, and different methodological procedures."); Phyllis J. Newton, Jill Glazer, & Kevin Blackwell, *Gender, Individuality and the Federal Sentencing Guidelines*, 8 Fed. Sent'g Rep. 148 (1995) ("[T]he better family ties are maintained[,] the lower the recidivism rate").

Ms. Garcia has struggled with substance abuse and recognizes the negative impact it has had on her relationships. She first tried methamphetamine at age 16 but stopped when she became pregnant. PSR ¶ 60. She began using monthly in 2012 but started using daily in 2021 after her husband sexually assaulted her children, which resulted in a criminal case filing but no conviction. *Id.* ¶ 55-56, 60. As a result, she lost her house and children, and was convicted of child cruelty. *Id.*

Ms. Garcia has worked as a house keeper for the three years prior to her arrest in this case. *Id.*¶ 63. Prior to that, she worked in the fields. *Id.*

Ms. Garcia has a single prior criminal conviction, resulting in one criminal history point, and is classified as CHC I. PSR ¶ 39-42.

**B. Nature and Circumstance of the Offense**

Ms. Garcia violated the law in this case and she has admitted her guilt to the court. Based on the converted drug weight, the base offense level is 24. PSR ¶ 23. There were no firearms or violence involved in the offense. As reflected in the recommendation for minor role, she was merely a courier and not in control of the amount or purity of the drugs she

was instructed to deliver. PSR ¶ 27; s*ee United States v. Mendoza*, 121 F.3d 510 (9th Cir. 1997) (court has discretion to depart where the defendant had no knowledge of or control over the amount or purity of the drugs).

**C. Respect for the Law, Just Punishment, and Deterrence**

Ms. Garcia has promptly taken responsibility for her violation of the law. She has accepted responsibility for her actions during an interview with the probation officer and expressed her remorse. PSR ¶ 19. She expressed her regret for becoming involved in the offense and recognized she needs to change and "do better." *Id.* Further, she has complied with her Safety Valve obligations. *Id.* ¶ 16.

The likelihood that the defendant "will engage in future criminal conduct [is] a central factor that district courts must assess when imposing sentence." *Pepper v. United States,* 562 U.S. 476, 492 (2011). Ms. Garcia has been in custody since her arrest on June 26, 2025. Her only prior custodial sentence was for one day in jail. PSR ¶ 38. Thus, a lengthy sentence is unnecessary to impress upon her the seriousness of her conduct.

Additionally, a lengthy custodial sentence would increase the risk of recidivism and prevent her from obtaining lawful employment and reuniting with her family. *See* U.S. Sent'g Comm'n, Staff Discussion Paper, *Sentencing Options Under the Guidelines* (1996) (recognizing the "criminogenic effects of imprisonment which include contact with more serious offenders, disruption of legal employment, and weakening of family ties"); Justin Murray, *Reimagining Criminal Prosecution*, American Criminal Law Review, Vol. 49, No. 3 (2012) at 1565 ("Rather than rehabilitating prisoners, modern incarceration tends to make prisoners more violent, antisocial, and prone to criminality"). Ms. Garcia currently has plans to rejoin family in Mexico if she is deported upon release.

Indeed, Ms. Garcia faces an additional punishment: because she is not a U.S. citizen, she faces removal proceedings due to this conviction. *See* PSR ¶ 60. In all likelihood, this conviction will result in her deportation and therefore separation from her children, who are U.S. citizens, and siblings who reside in the U.S. This is a significant punishment and warrants consideration. *See Padilla v. Kentucky*, 559 U.S. 356 (2010) (deportation after

conviction is "a particularly severe penalty" and equivalent to "banishment or exile"); *Jordan v. De George*, 341 U.S. 223, 232 (1951) (Jackson, J.) (deportation is "a life sentence of banishment in addition to the punishment which a citizen would suffer from identical acts").

Lastly, if not deported, the lengthy period of supervision will ensure that Ms. Garcia leads a law-abiding life, and provides no margin of error in the future.

A sentence of 24 months will be adequate to accomplish the goals of sentencing and would also uphold the parsimony principle of § 3553(a), which mandates a sentence "not greater than necessary."

**D. Need to Avoid Unwarranted Sentencing Disparities**

Ms. Garcia has numerous codefendants, many of whom have pled guilty. However, as of the date the PSR was authored, only one had been sentenced. Codefendant Laura Plasencia pled guilty to three counts and was sentenced to 90 months prison with 24 months of supervised release.

**E. Advisory Guideline Range**

The advisory guideline range is a relevant consideration in fashioning a sentence; however, it should not "be given more or less weight than any other [factor]. While the Guidelines are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

A base offense level of 24, a two-level enhancement for USSG § 2D1.1(b)(4), a two-level decrease pursuant to USSG § 2D1.1(b)(18), a two-level reduction for minor role, and a three-level decrease for acceptance of responsibility results in an adjusted offense level of 19. With a CHC I, this results in a guideline range of 30 to 37 months. The statutory mandatory minimum sentence is ten years; however, Ms. Garcia has met her Safety Valve obligations. PSR ¶ 68. The Probation Officer has recommended a sentence of 30 months with two years of supervised release.

A below-guidelines sentence of 24 months is appropriate in this case. The high

offense level is driven almost entirely by the drug weight, and Ms. Garcia committed the offense while struggling with substance abuse. She has faced numerous challenges—using drugs at a young age, becoming a mother as a teen, abuse by her husband who also sexually abused her children, and a drug relapse that cost her housing, job and custody of her children—and substance abuse treatment would do more to prevent recidivism than a lengthy custodial sentence. A sentence of 24 months reflects both the seriousness of the offense and Ms. Garcia's mitigating personal history, including her acceptance of responsibility, lifelong struggles with drug abuse, and minimal criminal history.

## IV.

## CONCLUSION

For the aforementioned reasons, Ms. Garcia respectfully requests the Court impose a sentence of 24 months to be followed by two years of supervised release.

Dated: 9/11/2026

By: ***/s/ Patrick S. Aguirre***
PATRICK S. AGUIRRE
Attorney for Defendant,
SUSANNA GARCIA